HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| REVIVED ALIVE, INC., | CASE NO. C16-5882-RBL |
| Plaintiff, | ORDER ON CROSS-MOTIONS |
| v. | |
| VALLEY FORGE INSURANCE COMPANY, | DKT. ##16, 17 |
| Defendant. | |

THIS MATTER is before the Court on the Parties' Cross-Motions for Partial Summary Judgment [Dkt. ##16, 17]. Plaintiff Revived Alive, Inc., dba Beyond the Veil, and Defendant Valley Forge Insurance Company contend no disputes of fact exist. They ask the Court to resolve the narrow questions of (1) whether Revived Alive had coverage under its policy's "newly acquired" property endorsement for 549 dresses that it purchased prior to Valley Forge's grant of coverage but within 180 days of its loss and (2) whether Valley Forge violated Washington's Insurance Fair Conduct Act, RCW 48.30.010 (2007), by denying coverage or by failing to bring the endorsement to Revived Alive's attention.

# I. DISCUSSION

On April 10, 2014, Revived Alive purchased 380 dresses for resale at its Vancouver bridal shop. It bought 169 more on April 22, 2014. It obtained insurance from Valley Forge for one year, starting June 5, 2014 (57 days after April 10th). Less than three weeks later, the shop was damaged by a fire that had started at a neighboring establishment. Revived Alive had $116,963.09 in (actual cash value) damage. Valley Forge paid $100,000—what it claims was the policy's limit.

Revived Alive argues it had $250,000 in additional coverage under its policy's "newly acquired" property endorsement because it had purchased its dresses within 180 days of its loss. It claims Valley Forge failed to disclose this coverage, and so violated the IFCA. Valley Forge disagrees, arguing the endorsement only applies to property purchased after a policy has commenced. It also argues it did not (unreasonably) deny coverage. Each asks for partial summary judgment.

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50, 106 S. Ct. 2505 (1986); *see also Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *See Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter

of law." *Id*. at 251–52. The moving party bears the initial burden of showing no evidence exists that supports an element essential to the nonmovant's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986). Once the movant has met this burden, the nonmoving party then must show the existence of a genuine issue for trial. *See Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24.

The policy's "newly acquired" endorsement says in an addendum that Valley Forge will pay for damage to Revived Alive's business personal property that it newly acquires:

> **1. Business Personal Property**
> a. When a Limit of Insurance is shown in the Declarations for Business Personal Property at any described premises, we will pay for direct physical loss of or damage to the following property caused by or resulting from a Covered Cause of Loss:
> (1) Business Personal Property, including such property that you newly acquire, at a building you acquire by purchase or lease at any premises, including those premises shown in the Declarations; and
> (2) Business Personal Property that you newly acquire at a described premises.
> b. The most we will pay for loss of or damage to Business Personal Property under this Additional Coverage in any one occurrence is $250,000 at each premises.

Dkt. #16 (Bragg Dec.) at Ex. C. This temporary coverage ends when (1) the policy as a whole expires, (2) the newly acquired property is more specifically insured, (3) Revived Alive reports the property's value to Valley Forge, or (4) "180 days expire after [Revived Alive's acquiring it] …." *Id*.

Revived Alive argues that because it purchased its dresses before any of these four terminating conditions occurred, Valley Forge should have covered the entirety of Revived Alive's loss. Valley Forge argues the addendum only applies to property purchased after an

insurance policy is already in place—that it affords temporary coverage to property the insurer and insured have not yet had an opportunity to value accurately—and Revived Alive's dresses were "stock" merchandise whose value was already assessed (and covered) when the policy was issued.

"An insurance policy is construed as a whole, with the policy being given a 'fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance.'" *Am. Nat. Fire Ins. Co. v. B & L Trucking & Const. Co.*, 134 Wash. 2d 413, 427, 951 P.2d 250, 256 (1998) (quoting *Key Tronic Corp. v. Aetna (CIGNA) Fire Underwriters Ins. Co.*, 124 Wash.2d 618, 627, 881 P.2d 201 (1994)). If the policy is clear and unambiguous, a court must enforce it as written and may not modify it or create ambiguity where none exists. *See McDonald v. State Farm Fire & Cas. Co.*, 119 Wash.2d 724, 733, 837 P.2d 1000 (1992). Ambiguity exists when a clause, on its face, it is fairly susceptible to two interpretations, both of which are reasonable. *See Morgan v. Prudential Ins. Co.*, 86 Wash.2d 432, 435, 545 P.2d 1193 (1976). When analyzing a policy and determining whether an ambiguity exists, a court may not engage in a "'strained or forced construction' that would lead to absurd results," nor may it "interpret [the] policy language in a way that extends or restricts [it] beyond its fair meaning or renders it nonsensical or ineffective." *Christal v. Farmers Ins. Co. of Washington*, 133 Wash. App. 186, 191, 135 P.3d 479, 481 (2006), *as amended* (May 23, 2006) (quoting *Morgan*, 86 Wash.2d at 434–35, 545 P.2d 1193)). It must apply definitions provided by the policy and give any undefined terms their plain, ordinary meaning. *See Overton v. Consol. Ins. Co.*, 145 Wash.2d 417, 427–28, 38 P.3d 322 (2002). Any ambiguities are construed against the drafter-insurer and for the insured. *See Am. Nat. Fire Ins. Co.*, 134 Wash.2d at 427.

Revived Alive reads the addendum in isolation, which produces absurd results. It forgets that coverage must have an inception point: the date a policy agreement begins. It would make no difference under Revived Alive's rendering whether it was insured during its neighbor's fire or not, so long as it obtained insurance within 180 days of purchasing its inventory. The ordinary consumer understands insurance coverage begins when a policy begins and that it does not apply retroactively.

Revived Alive's rendering also creates the absurd situation in which Valley Forge could charge Revived Alive an additional premium for inventory already valued and incorporated into the policy's limits during the underwriting process. The policy covers property that Revived Alive owns and uses in its business and "stock," defined as "merchandise held in storage or for sale, raw materials and in-process or finished goods, including supplies used in their packing and shipping" up to $100,000. Dkt. #16 (Bragg Dec.) at Ex. C. Because Revived Alive owned its dresses and was holding them for resale at the time of the underwriting process, they constituted stock properly falling under the normal grant of coverage. Value Forge valued this property when setting the policy's limits. To read the addendum as referring to anything other than property purchased after a policy is issued would be to give the policy a strained and nonsensical construction. It is not ambiguous, and Revived Alive did not have coverage under this endorsement for its 549 dresses.

Valley Forge argues that because it does not owe Revived Alive coverage under the "newly acquired" endorsement, it did not violate Washington's IFCA. In response, Revived Alive purports it acquired property between the date coverage began and the fire—additional store equipment totaling approximately $270, *see* Dkt. #19 (Bragg Dec.) at Ex. G (three invoices)—and that by failing to disclose coverage under the endorsement for these items and the

dresses, Valley Forge violated the IFCA. Valley Forge points out one invoice was actually dated before coverage began, so only $210.60 could have been covered by the endorsement.[1] It argues it did not unreasonably fail to mention the endorsement because even Revived Alive's public adjuster did not request coverage besides the $100,000 policy limit.

The IFCA creates a private right of action against an insurer that unreasonably denies a claim for coverage or payment of benefits. *See generally Perez-Crisantos v. State Farm Fire & Cas. Co.*, 187 Wash. 2d 669, 684, 389 P.3d 476 (2017); *see also* RCW 48.30.010. The Court cannot determine, based on a couple invoices submitted in a reply, whether as a matter of law Valley Forge reasonably or unreasonably failed to give Revived Alive approximately $210 more (assuming a deductible does not apply to newly acquired property). Reasonableness is a question for the jury. The parties' motions for summary judgment on whether Valley Forge violated Washington's IFCA are DENIED. Revived Alive's IFCA claim remains.

## II. CONCLUSION

Revived Alive's Motion [Dkt. #16] is DENIED, and Valley Forge's Motion [Dkt. #17] is GRANTED IN PART AND DENIED IN PART. Revived Alive's claim that Valley Forge owes it additional money for the 549 dresses it purchased prior to coverage is DISMISSED.

IT IS SO ORDERED.

Dated this 31st day of August, 2017.

_____
Ronald B. Leighton
United States District Judge

---

[1] Revived Alive brought these invoices to the Court's attention in its response [Dkt. #19] to Valley Forge's motion for partial summary judgment. It did not argue in its motion for partial summary judgment that Valley Forge owed it coverage for this equipment. If it had, it appears $210.60 worth of the property may have been covered under the endorsement.